**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KWAN CHUL LEE, | No. 12-70860 |
| Petitioner, | Agency No. A043-232-616 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2013
San Francisco, California

Before: KLEINFELD, THOMAS, and RAWLINSON, Circuit Judges.


Kwan Lee, a citizen of South Korea, appeals a final order of removal issued

by the Board of Immigration Appeals. We have jurisdiction to review final orders

of removal under 8 U.S.C. § 1252.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Lee conceded removability under 8 U.S.C. § 1227(a)(1)(D) because he failed to meet the joint filing requirement to remove the condition on his permanent residence status. 8 U.S.C. § 1186a(c)(1). Lee applied for hardship waivers under § 1186a(c)(4)(A), (B), and (C), which allow the Attorney General discretion to waive the joint filing requirement. Lee also applied for a misrepresentation waiver under 8 U.S.C. § 1227(a)(1)(H). The immigration judge denied Lee's request for relief. The Board of Immigration Appeals ("Board") affirmed on appeal.

Lee argues that the immigration judge and the Board erred by not properly determining eligibility before denying the waivers as a matter of discretion. This court does not have jurisdiction to review the merits of discretionary judgments, though we can review questions of law, including eligibility for such discretionary waivers. 8 U.S.C. § 1252(a)(2)(D); Singh v. Holder, 591 F.3d 1190, 1197 (9th Cir. 2010) (holding that judicial review is available over the determination of whether extreme hardship exists, though no jurisdiction exists to review the ultimate decision of whether to grant a waiver under § 1186a(c)(4)(A)).

It is true that before an immigration official can *grant* a waiver, he must first establish that the alien is eligible for relief. 8 U.S.C. § 1186a(c)(4) (the Attorney General has discretion to remove condition on permanent resident status if alien demonstrates eligibility). But the statute does not prohibit *denying* waivers as a matter of discretion without first establishing eligibility. The immigration judge assumed Lee was eligible for waiver, but decided Lee did not warrant a favorable exercise of discretion. Thus we have no eligibility question before us, just a discretionary denial assuming eligibility, and lack of jurisdiction to review it.

Lee applied for a fourth discretionary waiver, under § 1227(a)(1)(H). The immigration judge neglected to address this request for relief, but the Board did consider the request and decided to deny the waiver as a matter of discretion. Where the Board conducts a de novo review, as it did, "[a]ny error committed by the [immigration judge] will be rendered harmless by the Board's application of the correct legal standard." Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir. 1995). Here, the Board did not engage in impermissible fact-finding, but used the findings of the immigration judge to make a discretionary judgment. 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de

3

novo."). Any error by the immigration judge in failing to address the matter was therefore cured when the Board considered Lee's claim and denied it as a matter of discretion.

Lee also argues that the immigration judge lacked jurisdiction because the initial Notice to Appear ("NTA") was not properly served on Lee. The Board correctly held that the immigration judge cured any defect in service when he gave Lee a copy of the NTA and ten days to review it. Jurisdiction vests with the immigration judge "when a charging document is filed with the immigration court" along with a "certificate showing service on the opposing party pursuant to § 1003.32." 8 C.F.R. § 1003.14(a). Section 1003.32 does not require the certificate of service when "service is made on the record during [a] hearing." 8 C.F.R. § 1003.32(a). The record appears to show actual knowledge by Lee of the NTA, and the record shows that service was accomplished on the record in open court, curing whatever defect may have existed.

Lee also argues that the immigration judge and the Board erred by taking it upon themselves to deny voluntary departure when he had not asked for it. The

fact that the immigration judge considered a form of relief not formally sought does not imply that the immigration regulations were violated. Although Lee cites a provision of the INA which grants aliens the right to apply for such relief, he has cited no regulation that prohibits an immigration official from considering this form of relief unless a formal application is made by an alien.

Finally, Lee contends that the immigration judge erroneously cited 8 U.S.C. § 1227(a)(1)(C) in his oral decision, did not sustain the charge under 8 U.S.C. § 1227(a)(2)(E)(i), and ordered removal without reference to a charge. We review the Board decision, though, not the immigration judge's decision. The Board agrees that the immigration judge did not sustain the charge of removability under "section 237(a)(2)(E)(i) of the Act." Thus Lee has not been ordered removed under the "Domestic violence, stalking, and child abuse" provision. The Board upheld removability based on Lee's concession through counsel that he was removable under "section 237(a)(1)(D)(i) of the Act." That subsection addresses removability of aliens who had obtained conditional permanent resident status as spouses, sons, and daughters of U.S. citizens. Thus it is clear from the Board's decision that Lee was ordered removed because his conditional permanent resident status based on his mother and stepfather no longer applied, not because of

5

domestic violence or stalking.  We therefore need not remand for further clarification of the reason for removal.

Petition **DENIED**.

6